FILED
7/6/23 2:45 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 23-20618-CMB |
| **MARCELLE E. WEST**, | Chapter 13 |
| *Debtor*. | Related to Dkt. Nos. 7, 43 |

Michael S. Geisler, Esq.
Pittsbrugh, PA
*Attorney for the Debtor*

# MEMORANDUM OPINION

Although a creditor's silence can imply consent in a chapter 13 case, consent does not relieve debtors from all affirmative evidentiary burdens imposed by the Bankruptcy Code.[1] At issue is whether a lack of creditor opposition alone can amount to clear and convincing evidence that a case was filed in good faith under section 362(c)(3). On the heels of a failed chapter 13, Debtor Marcelle E. West initiated the current case and filed a *Motion* requesting an extension of the stay under section 362(c)(3).[2] Yet the only evidence of good faith that the Debtor and her counsel, Attorney Michael S. Geisler, could produce was the lack of creditor opposition. The Court previously issued an order denying the Debtor's *Motion*,[3] and this *Memorandum Opinion* serves to expound on its findings.

---

[1]  Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as thereafter amended, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[2]  See *Debtor's Motion to Extend the Automatic Stay Under Section 362(c)(3) of the Bankruptcy Code, Case No. 23-20618-CMB,* Dkt. No. 7 (the "Motion").

[3]  *Amended Order*, Case No. 23-20618-CMB, Dkt. No. 43.

### I. BACKGROUND

This is the Debtor's sixth bankruptcy case since 2007.[4] Attorney Geisler represented her in each case.[5] The current case was filed on March 23, 2023 – ten days after the Debtor's previous chapter 13 was dismissed for failure to make plan payments.[6] Upon filing the current case, the Debtor moved to extend the automatic stay under section 362(c)(3)(B).[7] Although the *Motion* was unopposed,[8] it lacks any indicia of good faith or changed circumstances to justify an extension. Instead, the *Motion* rests on the bare assertion that "[t]he Debtor now has sufficient income to make payments."[9] The Debtor's income records and schedules suggest that her current income is slightly lower than it was in her previous case.[10] The Court also notes that she requested to pay the case filing fee in installments,[11] which does not typically reflect improved finances. Left with more questions than answers, the Court conducted a hearing on the matter.

At the hearing, Attorney Geisler defended the bare-bones *Motion*, primarily arguing that the lack of creditor opposition should be dispositive.[12] Still, he maintained that the Debtor

---

[4] Case No. 21-21244-CMB; Case No. 18-20356-CMB; Case No. 15-21395-JFK; Case No. 10-25271-JFK; Case No. 07-23398-JFK.

[5] See Id.

[6] See generally Case No. 21-21244-CMB.

[7] See *Motion*, Case No. 23-20618-CMB, Dkt. No. 7.

[8] See *Certificate of No Objection Regarding Debtor's Motion to Extend the Automatic Stay Under Section 362 (c)(3) of the Bankruptcy Code,* Dkt. No. 20.

[9] *Motion,* Case No. 23-20618-CMB, Dkt. No. 7.

[10] Compare *Employee Income Records*, Case No. 23-20618-CMB, Dkt. No. 22, with *Employee Income Records*, Case No. 21-21244-CMB, Dkt. No. 18; compare *Schedule I: Your Income*, Case No. 23-20618-CMB, Dkt. No. 30 at 22-3, with *Schedule I: Your Income*, Case No. 21-21244-CMB. Dkt. No. 16 at 23-4.

[11] *Application for Individuals to Pay the Filing Fee in Installments*, Case No. 23-20618-CMB, Dkt. No. 3.

[12] See *Audio Recording of April 19, 2023 Hearing* at 10:39:00–10:39:35 a.m. ("I think though that the fact that the creditor didn't oppose it should also speak volumes… I would use that as an argument for going forward.")

could now make plan payments and pointed to the continued assistance of the Debtor's daughter.[13] Attorney Geisler could not, however, identify any specific changed circumstances *since* the previous case that would indicate a newfound ability to make plan payments. Indeed, Attorney Geisler admitted that he was unprepared to defend the *Motion* with facts, and suggested an evidentiary hearing be scheduled to allow the Debtor to present evidence.[14] Yet, with only two days remaining before the stay was set to lapse, it was unclear when he expected an evidentiary hearing to occur,[15] and the Court challenged his unpreparedness. When pressed about the lack of evidence, Attorney Geisler appeared agitated and focused his ire on the statute which created section 362(c)(3).[16]

Following the hearing, the Court issued an order denying the *Motion*.[17] This *Memorandum Opinion* supplements those findings and aims to address any misperception that there is a lack of case law within this district interpreting section 362(c)(3).

## II. JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States

---

[13]  *Audio Recording of April 19, 2023 Hearing* at 10:36:25–10:36:55 a.m.

[14]  *Audio Recording of April 19, 2023 Hearing* at 10:40:42–10:41:12 a.m. ("I wasn't necessarily expecting this to be raised today.") It is a mystery as to why Attorney Geisler was unprepared to proceed. The scheduled hearing marks the time and place to address the merits of any motion and the Court commonly keeps matters on the calendar whenever a motion fails to support a claim for relief.

[15]  After filing the case on March 23, 2023 and self-scheduling the motion for hearing on April 19, 2023, only two business days remained (April 20 and 21) before the stay was set to lapse. Absent an initial showing of good faith, the Court had no basis to grant even a temporary extension of the stay.

[16]  See *Audio Recording of April 19, 2023 Hearing* at 10:39:40–10:40:00 a.m. ("I don't know why [the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005] was put into effect in 2005. I was there when it happened, and people questioned it at the time. Everything had to be done within a month. We race around on every one of these.")

[17]  See *Amended Order*, Case No. 23-20618-CMB, Dkt. No. 43.

District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### III. DISCUSSION

Generally, the filing of a bankruptcy petition triggers the imposition of a stay under 11 U.S.C. §362(a) which, subject to certain exceptions, bars parties from acting against the debtor or property of the estate.[18] The stay typically continues until a case is closed, dismissed, or a discharge is granted or denied,[19] however, this is not always the case. Nearly 20 years ago, Congress enacted provisions under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) which altered the operation of the stay to curb perceived abuse by serial filers. Under section 362(c)(3), the automatic stay terminates on the 30th day after filing if the debtor had another case pending under chapters 7, 11, or 13 that was dismissed within one year for reasons other than those listed in section 707(b).[20] If the debtor had two or more cases pending within the previous year that were dismissed, the stay does not go into effect on the filing.[21]

Although BAPCPA limits the stay, the Court has discretion to extend (or impose) it under certain circumstances.[22] For example, the Court may extend the stay if the debtor can rebut the presumption that the filing was not in good faith by presenting clear and convincing evidence to the contrary.[23] When making a determination of good faith, courts consider the totality of the circumstances.[24] Although there is no one test for good faith, the Court "must be satisfied

---

[18] See 11 U.S.C. § 362(a).
[19] See 11 U.S.C. § 362(c)(2).
[20] See 11 U.S.C. § 362(c)(3)(A).
[21] See 11 U.S.C. § 362(c)(4)(A).
[22] See 11 U.S.C. § 362(c)(3)(B), (3)(C), (4)(B), (4)(D).
[23] See 11 U.S.C. § 362(c)(3)(B), (3)(C).
[24] See In re Ferguson, 376 B.R. 109, 121 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007).

that the plan in the new case will succeed where the plan in the prior case did not."[25] This typically requires a "substantial change" in financial or personal affairs since the prior dismissal, or some other reason to suggest that the new case will succeed.[26] If the debtor carries their burden, the Court may, but need not, exercise its discretion to extend or impose the stay.

It is undisputed that the Debtor's current case was presumptively not filed in good faith, and the stay was set to terminate 30 days after filing. Indeed, this is the reason the Debtor filed the *Motion*. Even so, despite taking initial steps to rebut the presumption, neither the Debtor nor Attorney Geisler believed further action was required. The *Motion* itself does not merely lack detail, it is completely devoid of any allegation suggesting a change in the Debtor's financial or personal affairs since the dismissal of her previous case.[27] The *Motion* states only "[the] Debtor now has sufficient income to make payments."[28] This vague statement, absent any other information, cannot carry the Debtor's burden and the use of generic allegations, unmoored to the specific facts of a debtor's case, is not an acceptable practice.

Without supplemental proof to carry her burden, the last opportunity for the Debtor to rebut the presumption was at the hearing on the *Motion*. Unfortunately, little additional substance was offered. The Debtor did not appear and was therefore unable to speak on the matter. Further, Attorney Geisler presented no evidence that would indicate a newfound ability to make

---

[25] In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007); see also In re Elliott-Cook, 357 B.R. 811, 815-16 (Bankr. N.D. Cal. 2006) (describes various factors that could be used to determine good faith).

[26] See 11 U.S.C. 362(c)(3)(C); see e.g., In re Riedy, 517 B.R. 88 (Bankr. W.D. Mich. 2014).

[27] The fact that a debtor's circumstances haven't changed in the gap between filings does not preclude a finding of good faith. However, it is significant when the reason for previous dismissal was failure to make plan payments. When a case is dismissed for other reasons (failure to file certain documents), and the debtor was otherwise making payments, there can be less of a need to show that circumstances, specifically financial circumstances, have changed. See e.g., In re Ferguson, 376 B.R. 109 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007).

[28] See *Motion*, Case No. 23-20618-CMB, Dkt. No. 7.

plan payments or suggest the potential for a successful case. Instead, Attorney Geisler relied solely on the lack of creditor opposition to the *Motion* as evidence of good faith.[29] Although creditor opposition can factor into the Court's determination of good faith, a lack of creditor opposition alone does not amount to clear and convincing evidence of good faith. Without more, there is insufficient evidence to rebut the presumption that the case was not filed in good faith under section 362(c)(3)(B).

Lastly, attorneys must work with the law as enacted, even if they disagree with it. Just as the Court cannot enforce only those provisions of the Bankruptcy Code it agrees with and disregard others, an attorney may not choose which laws to follow based on personal opinion. While Attorney Geisler is entitled to his own views on BAPCPA, he must adhere to its provisions all the same.

### IV. CONCLUSION

For the above-stated reasons, the Court finds that the Debtor failed to meet her burden under section 362(c)(3) and her request to extend the stay is denied. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. A separate order was issued consistent with this opinion.[30]

Dated: July 6, 2023

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[29] See *Audio Recording of April 19, 2023 Hearing* at 10:39:00–10:39:35 a.m.
[30] *Amended Order*, Case No. 23-20618-CMB, Dkt. No. 43.